J-S48001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LACEY ANN BOOTS | |
| Appellant | No. 297 WDA 2015 |

Appeal from the Judgment of Sentence January 22, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0005335-2014

BEFORE:  BOWES, DUBOW AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J:                            **FILED JUNE 24, 2016**

Lacey Ann Boots appeals from the judgment of sentence of one year probation that was imposed after she was convicted at a nonjury trial of endangering the welfare of a child ("EWOC") and leaving a child unattended in a vehicle. We affirm.

The trial evidence was as follows.  Sometime between 11:15 and 11:30 p.m. on January 19, 2014, Katie McKrell arrived at her residence on Penn Street, Natrona Heights.  She observed the car owned by Appellant, her neighbor, parked nearby.  Approximately one hour later, after hearing crying outside, Ms. McKrell left her home and discovered a toddler, who was between two and three years old, strapped inside Appellant's vehicle.  The boy was unsuccessfully attempting to extricate himself from an adult seat

belt, and also was crying and shivering. Ms. McKrell took the child inside her home and covered him with a blanket.

Ms. McKrell's boyfriend knocked on Appellant's door, and, since there was no response, Ms. McKrell contacted police. At 1:20 a.m. on January 20, 2014, Harrison Township Police Officer Scott Falkner responded to the call. Officer Falkner testified that the toddler was crying and shivering and that the temperature that night was around thirty degrees Fahrenheit.

Officer Falkner proceeded to Appellant's home. He was allowed inside, where about five other children were present. Appellant told Officer Falkner that she had instructed her eight-year-old child to bring the toddler inside from the vehicle and that she believed that her directive was followed. Emergency medical personnel responded to the scene. The boy had a body temperature that was below normal and appeared frightened. He was transported to a hospital for treatment.

At trial, Appellant maintained that her statement to Officer Falkner that she thought her eight-year-old child brought the toddler inside established that she did not knowingly leave her child in the car. The trial court rejected the proffered defense, convicted Appellant of EWOC and leaving a child unattended in a vehicle, and sentenced her to one year probation. This timely appeal followed.

On appeal, Appellant raises a challenge to the sufficiency of the evidence supporting her EWOC conviction. She questions whether "the

evidence [was] sufficient to establish that Ms. Boots knowingly left her child in the vehicle as she thought her oldest child had taken the child inside?" Appellant's Brief at 4. The applicable standard of review of this claim is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Irvin*, 134 A.3d 67, 75-76 (Pa.Super. 2016) (citation omitted).

The offense of EWOC is defined, in pertinent part, as follows: "(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age . . . commits an offense if he **knowingly** endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a)(1) (emphasis added). In this case, Appellant challenges that the

Commonwealth established the intent element, *i.e.*, that she knowingly endangered her child's care. She posits that, at the time of the incident, she thought that he had been brought inside rather than left in the cold.

Our Supreme Court has noted that, while the crime in question is a specific intent crime, the "EWOC statute is necessarily drawn broadly to capture conduct that endangers the welfare of a child." *Commonwealth v. Lynn*, 114 A.3d 796, 819 (Pa. 2015). EWOC is committed not only when a person takes an affirmative action that endangers a child, but also when a person who has a duty to protect a child commits an act of omission that endangers the victim's welfare. *Id*.; *Commonwealth v. Cardwell*, 515 A.2d 311, 315 (Pa.Super 1986) (quoting in part 18 Pa.C.S § 4304) ("a parent's duty to protect his or her child requires affirmative performance to prevent harm and that failure to act may mean that the parent 'knowingly endangers the welfare of the child.'"). In *Lynn*, the Supreme Court adopted the intent element as mandating that

> (1) the accused is aware of his/her duty to protect the child; (2) the accused is aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

*Lynn*, *supra* at 819.

Appellant herein does not deny that she had a duty to protect her child and that he was in circumstances that threatened his welfare since he was

alone in a car for close to two hours in below-freezing temperatures. She avers that she took an action, instructing her older child to remove him from the car, to protect the boy and argues that, due to her reliance upon the older child's compliance with her instruction, she sought to protect his welfare.

Appellant analogizes her case to that of *Commonwealth v. Miller*, 600 A.2d 988 (Pa.Super. 1992), wherein we reversed a conviction for EWOC. The defendant in *Miller* was the mother of a young child who was left unattended for hours. She had been informed by her child's father that the child was being cared for by a neighbor, and left the child believing that proper adult care was being provided. Based upon the fact that the mother thought the father was truthful in his representations that the neighbor was watching the baby, we concluded that she did not knowingly leave the child unattended and, therefore, did not endanger the welfare of the child. This Court in *Miller* ruled that parental mistakes are not sufficient to support liability for EWOC.

The facts herein are significantly different from those examined in *Miller*. Mother told an eight-year-old child, not another adult, to bring in the toddler. She did not check on whether the eight-year-old followed her directive. Most significantly, she was inside her home for over an hour without viewing the toddler. Under these circumstances, she cannot plausibly profess to have been unaware that the eight-year-old had ignored

her instruction to bring the victim inside from the freezing weather. Therefore, viewing all of the evidence in the light most favorable to the Commonwealth, as the verdict winner, we conclude that there was sufficient proof to demonstrate beyond a reasonable doubt that Appellant knowingly left her son in a situation that endangered him.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016